## IN THE CIRCUIT COURT FOR WICOMICO COUNTY

| | | |
|---|---|---|
| E██████ V. R██████, minor, by her and through her Parents and Next Friends, Erica Miles-Rosado and Luis Rosado<br>803 Bistate Blvd.<br>Delmar, Maryland 21875 | * * | |
| and | * | |
| ERICA MILES-ROSADO, Individually<br>803 Bistate Blvd.<br>Delmar, Maryland 21875 | * * | |
| and | * | |
| LUIS ROSADO, Individually<br>803 Bistate Blvd.<br>Delmar, Maryland 21875 | * * | |
| Plaintiffs | * | CASE NO: 22-C-13-001435MM |
| v. | * | |
| PENINSULA REGIONAL MEDICAL CENTER<br>100 E. Carroll Street<br>Salisbury, Maryland 21801 | * * | |
|     <u>Serve On:</u><br>    Daniel J. Mulvanny<br>    Peninsula Regional Medical Center<br>    100 E. Carroll Street<br>    Salisbury, Maryland 21801 | * * * | |
| and | * | |
| PENINSULA REGIONAL HEALTH SYSTEM, INC.<br>100 E. Carroll Street<br>Salisbury, Maryland 21801 | * * * | |
|     <u>Serve On:</u><br>    Daniel J. Mulvanny<br>    Peninsula Regional Medical Center<br>    100 E. Carroll Street<br>    Salisbury, Maryland 21801 | * * | |

1

875-001/177899

and

THREE LOWER COUNTIES COMMUNITY
SERVICE, INC.
12145 Elm Street
Princess Anne, Maryland 21853

 Serve On:
 D. Nicole Green
 300 E. Main Street
 Salisbury, Maryland 21801

and

MICHELE M. URBAN, M.D.
Three Lower Counties Community Services
223 Phillip Morris Drive
Salisbury, Maryland 21804

and

KELLI R. LUTTRELL, D.O.
Three Lower Counties Community Services
223 Phillip Morris Drive
Salisbury, Maryland 21804

 Defendants

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

COME NOW, Plaintiff, E▒▒▒▒ V. R▒▒▒▒, ("Baby Rosado") by and through her parents and next friends Erica Miles-Rosado and Luis Rosado, Erica Miles-Rosado, individually and Luis Rosado individually (collectively "Plaintiffs"), by and through the undersigned counsel, William H. Murphy, Jr., Mary McNamara Koch, Diana K. Hobbs, Pamela J. Diedrich, Murphy & Falcon, P.A., and Susan R. Green, Law Offices of Susan R. Green, P.C., and hereby sue Peninsula Regional Medical Center, Peninsula Regional Health System, Inc., Three Lower

Counties Community Services, Inc., Michele M. Urban, M.D. and Kelli Luttrell, D.O. (collectively "Defendants"), and for their causes of action state as follows:

### PARTIES AND JURISDICTION

1. At all times relevant hereto Plaintiffs, Erica Miles-Rosado and Luis Rosado are the parents of Baby Rosado. Accordingly, Baby Rosado brings this lawsuit by and through her parents Erica Miles-Rosado and Luis Rosado. Baby Rosado and her parents are residents of Wicomico County, Maryland.

2. At all times relevant hereto Plaintiffs, Erica Miles-Rosado and Luis Rosado were residents of Wicomico County, Maryland. They reside as husband and wife at 803 Bistate Blvd., Delmar, Maryland.

3. At all times relevant hereto, Defendants Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., (collectively "PRMC") have been corporations organized in the State of Maryland involved in the operation of a hospital holding themselves out to the public as offering quality health care delivered by competent and qualified health care professionals.

4. At all times relevant hereto, PRMC operated a specialized Labor and Delivery Department which was held open to the general public. Defendants, PRMC, afforded usage time and staffing support by and through its actual and/or apparent agents, representatives or employees to Michele Urban, M.D. and Kelli Luttrell, D.O. and other physicians practicing obstetrics who held staff privileges.

5. At all times relevant hereto, PRMC was acting individually and/or by and through actual and/or apparent agents, representatives or employees, including but not limited to, Michele Urban, M.D.; Kelli Luttrell, D.O.; G. Boyle, R.N.; P. Rector, R.N.; and M. Sansone,

R.N. As such, PRMC is vicariously liable for the actions of it actual and/or apparent agents, representatives or employees, including but not limited to: Michele Urban, M.D.; Kelli Luttrell, D.O.; G. Boyle, R.N.; P. Rector, R.N.; and M. Sansone, R.N.

6. At all times relevant hereto, Three Lower Counties Community Services, Inc. ("TLC") was a corporation organized in the State of Maryland to provide health care services, including obstetric and gynecologic care, to residents of the Eastern Shore of Maryland. TLC held itself out to the public as offering quality health care through competent and qualified Defendants.

7. At all times relevant hereto, TLC was acting individually and/or by and through actual and/or apparent agents, representatives or employees including but not limited to Michele Urban, M.D. and Kelli Luttrell, D.O. As such TLC, is vicariously liable for the actions of its actual and/or apparent agents, representatives or employees, including but not limited to: Michele Urban, M.D. and Kelli Luttrell, D.O.

8. At all times relevant hereto, Michele Urban, M.D. was a resident and citizen of the State of Maryland and regularly conducted her practice in Wicomico County, Maryland. As part of her medical practice Dr. Urban held herself out to the Plaintiffs, and the general public, as being experienced in the area of obstetrics and gynecology and possessing the degree of skill and knowledge ordinarily possessed by those who devote their practice to obstetrics and gynecology. As such, Dr. Urban owed a duty to the Plaintiffs to render that degree of care and treatment ordinarily rendered by a physician specializing in obstetrics and gynecology.

9. At all times relevant hereto, Kelli Luttrell, D.O. was a resident and citizen of the State of Maryland and regularly conducted her practice in Wicomico County, Maryland. As part of her medical practice Dr. Luttrell held herself out to the Plaintiffs, and the general public, as

875-001/177899

being experienced in the area of obstetrics and gynecology and possessing the degree of skill and knowledge ordinarily possessed by those who devote their practice to obstetrics and gynecology. As such, Dr. Luttrell owed a duty to the Plaintiffs to render that degree of care and treatment ordinarily rendered by a physician specializing in obstetrics and gynecology.

10. This medical negligence claim is instituted pursuant to Md. Cts. & Jud. Proc. Art. 3-2A-01 -3-2A-10, for the recovery of damages in excess of Thirty Thousand Dollars ($30,000.00).

11. According to the provisions of the Annotated Code of Maryland, Courts and Judicial Proceedings Article, 3-2A-01 – 3-2A-10, this matter was properly filed with the Health Care Alternative Dispute Resolution Office and is now been transferred to the Circuit Court for Baltimore City. Order of Transfer is hereto attached as Exhibit A.

12. Venue is proper in Wicomico County, Maryland.

## FACTS COMMON TO ALL COUNTS

13. In the summer of 2012, Erica Miles, then 32 years old, became pregnant with her third child. In an effort to assure a healthy outcome for her unborn child, Ms. Miles presented to TLC to receive pre-natal care.

14. During her pregnancy, Ms. Miles did everything she could to ensure a healthy outcome for her unborn child; she did not drink alcohol; she did not take medications other than those prescribed by her physicians; and she was not exposed to any toxic substances. She routinely received prenatal care from the Defendants at TLC, including their staff/agents/employees. Ms. Miles came for each scheduled and/or requested prenatal visit and had completed each antenatal test that was ordered by her physicians.

15. At the time of Ms. Miles first pre-natal visit, she weighed 164 pounds, the baby was 13 weeks and 1 day gestation, and there were no problems noted. Ms. Miles was given the estimated date of confinement (due date) as December 6, 2012.

16. An ultrasound done on July 10, 2012, at 18 weeks 3 days gestation, indicated that the nucal fold was reading at the top normal level and a detailed anatomy scan was ordered "given the indeterminate findings." On July 24, 2012, Ms. Miles presented to the Center for Maternal Fetal Medicine for a high risk ultrasound. At that time the baby was 20 weeks and 5 days gestation. The testing evidence normal nucal folds and Ms. Miles was assured that the baby was fine and no further high risk testing was required.

17. A non-stress test done on December 12, 2012, was reactive indicating reassuring fetal status. At that time she was 6 day past her due date. The remainder of the pregnancy was uneventful.

18. On December 16, 2012, at 6:10 pm, and gestational age of 41 weeks 3 days, Ms. Miles was admitted to Peninsula Regional Medical Center for post-dates induction (10 days past the 40 weeks gestational period). At 6:25 pm Cervidil (a drug to soften the cervix) was administered.

19. Beginning in the early morning hours of December 17, 2012, the fetal heart monitor evidenced signs non-reassuring fetal well-being, including poor fetal heart variability with recurrent late decelerations.

20. In spite of the contraindication to the administration of Pitocin, and in light of the non-reassuring fetal status, on the morning of December 17, 2012, at or about 6:49 am, Pitocin (a drug used to cause and/or strengthen uterine contractions) was started causing further fetal distress.

21.  The fetal heart monitor continued to evidence non-reassuring fetal well-being, then, at or about 9:03 am, the fetal heart became difficult to trace. In an attempt to regain the fetal heart tracing several attempts were made to place an electrode on the baby's scalp. This procedure would allow an accurate fetal heart reading, however the attempts were unsuccessful.

22.  Still unable to get a fetal heart tracing, at or about 9:14 am, a bedside sonogram was performed. Once located the fetal heart rate was determined to be 40-50 beats per minute. A normal fetal heart rate is considered to be 120-160. At that time Ms. Miles was taken to the operating room to have an emergent cesarean section performed.

23.  At or about 9:25 am, on the morning of December 17, 2012, Baby Rosado was delivered with no heart rate, no respiration, no muscle tone, no reflexes and her color was noted as blue. Once delivered Baby Rosado was resuscitated and intubated in the delivery room before being moved to the Neonatal Intensive Care Unit( NICU).

24.  Within the first hour of life Baby Rosado began to suffer seizures and at 10:20 am the physicians in the NICU at Peninsula Regional Medical Center contacted Johns Hopkins Hospital requesting that the Baby be transported there for hypothermia management.[1]

25.  The Johns Hopkins Hospital (JHH) admission note written at 4:07 pm, on December 17, 2012, noted that Baby Rosado was admitted for hypothermia protocol after suspected seizures and concern for hypoxic ischemic encephalopathy.[2]

26.  An electroencephalogram (EEG) done the day of admission, and subsequent EEGs, evidenced a markedly abnormal reading indicating a severe global cerebral injury.

---

[1] Treatment with hypothermia improves survival and outcome at 18 months after neonatal asphyxia and/or neonatal encephalopathy. www.uptodate.com/contents/clinical-features-diagnosis-and-treatment-of-neonatal-encephalopathy, June 17, 2013.

[2] Hypoxic-ischemic encephalopathy: Damage to cells in the central nervous system (the brain and spinal cord) from inadequate oxygen. www.medicinenet.com, August 5, 2013.

7

875-001/177899

27. Baby Rosado remained in the JHH NICU from the day of her birth, December 17, 2012, until January 18, 2013, when she was released to be taken home. She left the hospital with a gastrostomy tube in place for feeding and an apnea monitor that would alert her parents should she stop breathing.

28. Today, Baby Rosado suffers from a severe, unrelenting, and incurable brain injury resulting in neurologic signs and symptoms of asphyxia and hypoxic ischemic encephalopathy. Baby Rosado's neurological problems and conditions would have been prevented if the Defendants had complied with the standard of care and taken action to ensure the delivery of Baby Rosado through a timely cesarean, as was indicated when fetal monitoring showed a non-reassuring fetal status.

29. Attached to this Complaint, supporting the allegations of the breaches in the standard of care, is the Certificate of Qualified Expert and Report prepared by Bruce L. Halbridge, M.D., F.A.C.O.G. Exhibit B.

30. Baby Rosado continues to suffer profound developmental delay, microcephaly, intractable seizures, and endures the inability to swallow making it necessary to be fed through a tube placed into her stomach. As a result of the Defendants' negligence, Baby Rosado has suffered significant, conscious physical pain and emotional distress and has been forced to undergo multiple painful diagnostic tests, procedures, and surgeries, and has been subjected to prolonged hospitalizations. For the rest of her life Baby Rosado will require 24-hour care, will never have the opportunity to enjoy a normal life, will continue to suffer unnecessary and conscious pain, and will be forced to undergo painful therapy, medical procedures, and/or surgeries and other medical care and treatment.

875-001/177899

31. As a further consequence of the Defendants' negligence, Erica Miles and Luis Rosado were unable to work because they stayed at the hospital with Baby Rosado twenty-four hours a day seven days a week and also continued to care for their other two children. Additionally, they incurred expenses for medical care and treatment and for transportation to and from Baltimore. They also suffered from loss of enjoyment of life and severe mental anguish.

<u>COUNT I</u>
(Medical Negligence)

The Plaintiff, E⬛ V. R⬛, a Minor, by her parents and Next Friend, Erica Miles-Rosado and Luis Rosado, hereby sues the Defendants and for the cause of action states:

32. The Plaintiffs incorporates all of the allegations contained in the above paragraphs as if those allegations are set forth in this Count.

33. The Defendants, Three Lower Counties Community Services, Inc., Michele M. Urban, M.D. and Kelli Luttrell, D.O., Peninsula Regional Medical Center, Peninsula Regional Health System, G. Boyle, R.N., P. Rector, R.N. and M. Sansone, R.N. individually and/or through their actual and/or apparent agents, servants, and/or employees, owed Claimant a duty to exercise reasonable care in the care and treatment of her.

34. The Defendants, individually and/or through their actual and/or apparent agents, servants, and/or employees, breached the above-described duty of care, thereby deviating from the applicable standards of care, and were otherwise negligent, careless, and reckless in that they, among other things:

    a. failed to exercise reasonable care and diligence in the application of their knowledge, skill, care, and ability in their treatment and evaluation of Erica Miles and her unborn baby at the time of the Plaintiffs' labor and delivery;

875-001/177899

  b. failed to exercise their best medical judgment in their care and treatment of Erica Miles and her unborn baby at the time of the Plaintiffs' labor and delivery;

  c. failed to comply with the applicable standards of care for obstetrical physicians with same or similar training practicing in antenatal and labor and delivery departments;

  d. failed to comply with the applicable standards of care for Defendants, practicing in obstetrics (including antenatal and labor and delivery departments), with same or similar training;

  e. failed to appropriately monitor the condition of Erica Miles and her unborn baby;

  f. failed to appropriately interpret the fetal monitor;

  g. failed to properly monitor, direct, and manage the care and treatment rendered by Defendant's nurses, and other employees;

  h. failed to accurately interpret fetal heart tracings and to appropriately and timely respond to the non-reassuring fetal heart tracings;

  i. failed to order an emergency cesarean section in a timely manner; and

  j. other negligence as may be shown during discovery and at trial.

35. As a direct and proximate result of the above-described deviations from the applicable standards of care and breaches of duty by the Defendants and/or their actual and/or apparent agents, servants, and/or employees, Baby Rosado sustained a severe and permanent brain injury. In addition to and as a result of the brain injury caused by the Defendants'

875-001/177899

negligence, Baby Rosado suffers profound developmental delays, intractable seizures, is microcephalic, is unable to speak, is fed through a feeding tube, and is and will be totally dependent on others for all activities of daily living for the remainder of her life.

36. Additionally, Baby Rosado has already suffered unnecessary conscious physical pain and emotional distress and has been forced to undergo multiple painful diagnostic tests and procedures, and has been subjected to prolonged hospitalizations. For the rest of her life, Baby Rosado will require 24-hour care, will never have the opportunity to enjoy a normal life, will continue to suffer unnecessary and conscious pain, and will be forced to undergo painful therapy, medical procedures, and/or surgeries and other medical care and treatment.

37. As a direct and proximate result of Defendants' negligent actions, Plaintiffs, Erica Miles-Rosado and Luis Rosado, individually and as E████'s parents: missed time from work; incurred medical treatment and associated expenses for their daughter; endured emotional pain and suffering because of their daughter's severe physical injury; suffered from the loss of enjoyment of life and severe mental anguish.

38. Had the Defendants followed the appropriate and applicable standards of care, Plaintiffs would not have suffered the injuries and damages described above.

39. The injuries and damages complained of were directly and proximately caused by the negligence and lack of care of the Defendants. The Plaintiffs, in no way contributed to the negligence but relied upon the expertise of the Defendants and their actual and/or apparent agents, servants, or employees, and Hospital, their agents, employees, and servants for her safe delivery, care, and treatment.

875-001/177899

WHEREFORE, Plaintiffs demands judgment against Defendants, jointly and severally, for damages in the sum of Thirty Thousand Dollars ($30,000.00) in compensatory damages, plus attorneys' fees, interest, and costs.

## COUNT II
'(Negligence/Medical Malpractice Defendant, Hospital and Health Care System)

The Plaintiff, E█████ V. Rosado, a Minor, by her parents and Next Friend, Erica Miles-Rosado and Luis Rosado, hereby sues the Defendants and for the cause of action states:

40. The Claimant incorporates all of the allegations contained in the above paragraphs as if those allegations are set forth in this Count.

41. At all times relevant herein, the Defendants', Doctors, and other physicians including, but not limited to, Doctors, fellows, residents, certified nurse practitioners, certified nurse midwives, nurses, clerical, and office staff who directly or indirectly assisted with the care and/or treatment of Erica Miles or minor child, Baby Rosado, acted as actual and/or apparent agents, servants, and/or employees of the Defendants', hospital and/or health care system and were acting within the course and scope of their employment. Consequently, Hospital and Health Care System is responsible for the negligent acts of its actual and/or apparent obstetrical staff, including any and all antenatal and labor and delivery room staff, including physicians, fellows, residents, certified nurse practitioners, nurses, clerical, and office staff and any and all other employees as described above under the Doctrine of Respondent Superior.

42. As a direct and proximate result of the above-described deviations from the applicable standards of care and breaches of duty by the Defendants and/or their actual and/or apparent agents, servants, and/or employees, Baby Rosado sustained a severe and permanent brain injury. In addition to and as a result of the brain injury caused by the Defendants' negligence, Baby Rosado suffers profound developmental delays. intractable seizures, is microcephalic, is unable to speak, is fed through a tube, and is and will be totally dependent on others for all activities of daily living for the remainder of her life.

43. Additionally, Baby Rosado has already suffered unnecessary conscious physical pain and emotional distress and has been forced to undergo multiple painful diagnostic tests and procedures, and has been subjected to prolonged hospitalizations. For the rest of her life, Baby Rosado will require 24-hour care, will never have the opportunity to enjoy a normal life, will continue to suffer unnecessary and conscious pain, and will be forced to undergo painful therapy, medical procedures, and/or surgeries and other medical care and treatment.

44. As a direct and proximate result of Defendants' negligent actions, Plaintiffs, Erica Miles-Rosado and Luis Rosado, individually and as E▓▓▓'s parents: missed time from work; incurred medical treatment and associated expenses for their daughter; endured emotional pain and suffering because of their daughter's severe physical injury; suffered from the loss of enjoyment of life and severe mental anguish.

45. Had the Defendants followed the appropriate and applicable standards of care, Plaintiffs would not have suffered the injuries and damages described above.

46. The injuries and damages complained of were directly and proximately caused by the negligence and lack of care of the Defendants. The Plaintiffs, in no way contributed to the negligence but relied upon the expertise of the Defendants and their actual and/or apparent agents, servants and/or employees for her safe delivery, care, and treatment.

WHEREFORE, Claimant demands judgment against Defendants, jointly and severally, for damages in the sum of Thirty Thousand Dollars ($30,000.00) in compensatory damages, plus attorneys' fees, interest, and costs.

Respectfully submitted,

_____
William H. Murphy, Jr.
Mary McNamara Koch
Diana K. Hobbs
Pamela J. Diedrich

13

875-001/177899

        Murphy & Falcon, P.A.
        One South Street, 23rd Floor
        Baltimore, Maryland 21202
        410-951-8744


        *Susan R. Green / dkh*
        Susan R. Green, Esquire
        Law Offices of Susan R. Green, P.C.
        305 Washington Avenue
        Suite 502
        Towson, MD 21204
        410-494-7400


## REQUEST FOR JURY TRIAL

Plaintiffs respectfully request a jury trial.

        Respectfully submitted,

        *Diana K. Hobbs*
        Diana K. Hobbs, Esquire

875-001/177899